## SHARPE v. OKLAHOMA LAND CO *et al.*

No. 2983.   Opinion Filed January 13, 1914.

(138 Pac. 566.)

**INDIANS—Lease—Validity—Minority of Parties.** Evidence examined and **held** not sufficient to support the verdict rendered by the jury.

(Syllabus by the Court.)

*Error from District Court, Wagoner County;*
*John H. King, Judge.*

Action by J. W. Sharpe, guardian of Thomas Samuels and Willie Samuels, Jr., against the Oklahoma Land Company and others. Judgment for defendants named, and plaintiff brings error. Reversed.

*M. W. Guy* and *Brown & Stewart,* for plaintiff in error.

*N. A. Gibson, H. C. Thurman,* and *T. L. Gibson,* for defendant in error.

KANE, J.   This was an action, commenced by J. W. Sharpe, guardian of Thomas Samuels and Willie Samuels, Jr., minors, against Oklahoma Land Company, Verdigris Oil Company and J. R. Kennon for the possession of certain real estate, situated in Wagoner county, Oklahoma. Upon trial to a jury, there was a verdict for the defendant in error, upon which judgment was duly rendered, to reverse which this proceeding in error was commenced.

It seems that the land in controversy was allotted and patented to Willie Samuels, a Creek freedman, as his proportionate share of the lands of the Creek Nation; that said Willie Samuels conveyed said land, except his forty-acre homestead, by two warranty deeds, dated September 24, 1904, and November 16, 1904, respectively, to Andrew

J. Howard, who, joined by his wife, on May 15, 1905, conveyed said land by warranty deed to the defendant in error herein, Oklahoma Land Company; that said defendant thereafter, on May 16, 1905, procured an agricultural lease on the forty-acre homestead of Willie Samuels for the term of five years. The only issue of fact and the only question of any seriousness which seems to be involved is whether Willie Samuels was 21 years of age at the time he executed the deeds to Andrew J. Howard. Upon that issue the plaintiff introduced certain evidence and rested; whereupon, without introducing any evidence on behalf of the defendant, the cause was submitted to the jury, which returned a verdict as above stated. The contention of counsel for plaintiff in error is that the verdict of the jury is contrary to the evidence. We think this contention ought to be sustained. The only evidence introduced was to the effect that Willie Samuels was born during the fall of 1885, which would make him about 19 years old at the time the deed to Andrew J. Howard was executed by him. Three witnesses, Clander Rice, Stephen Colbert and Morris Stevens, upon direct examination all testified positively that Willie Samuels was born in 1885. The Creek Nation freedmen roll, which was also introduced in evidence, shows that Willie Samuels was 12 years of age at the time of his enrollment in September, 1898. This would constitute substantial corroboration of the witnesses. The admissibility of the freedmen roll is argued extensively by counsel for both sides, but the record shows that the court below permitted it to be introduced, and there is no exception or cross-assignment of error presented questioning this action of the court. We must, therefore, deem it to be properly in evidence for the purpose of this case. There is an attempt to impeach the testimony of Clander Rice by the introduction of an affidavit wherein she stated that Willie Samuels was of age at the time he executed the

deeds to Howard, but that did not affect the credibility of the other witnesses who corroborated her, or diminish the potency of the freedmen roll to the same effect.

The judgment of the court below is, therefore, reversed, with directions to grant a new trial.

All the Justices concur.